Ex parte Cayetano Coll Cuchí, Jr., Petitioner

Decided November 16, 1932.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Petitioner asks from this Court "that he be allowed to practice law in all the courts of this Island of Puerto Rico," based on the following facts:

"1.—That he is over 21 years of age, domiciled in San Juan, P. R., and a citizen of the United States by virtue of the Act of Congress approved March 2, 1917.

"2.—That he has pursued a regular course of study in the University of Louisville, Ky., and in addition has taken a special course in evidence under Dean Wigmore, at Northwestern University; and that he is a lawyer admitted to practice before the Court of Appeals of Kentucky, the United States Court for the Western District of Kentucky, and the District Court of the United States for the District of Puerto Rico, as evidenced by the certificates attached to this petition.

"3.—That under section 4 of Act No. 17 approved May 20, 1925, entitled 'An Act to Amend section 4 of Act No. 38 to Regulate the Practice of the Profession of Law in Porto Rico, approved April 13, 1916,' petitioner has been actively engaged in the practice of his profession during the last two years, that is, since September 23, 1930, on which date he was admitted to practice before the Court of Appeals of Kentucky, and including more than a year's practice before the United States Court for the District of Puerto Rico, that is, since October 28, 1930, on which date he was admitted to practice before the latter court."

The applicable law is "Act No. 38, to Regulate the Practice of the Profession of Law in Porto Rico," approved April 13, 1916 (Session Laws, p. 89), cited by the petitioner, but this act was amended not only by Act No. 17 of 1925 (Session Laws, p. 134), which he invokes, but also by Act 78 of 1928 (Session Laws, p. 532).

Section 4 of Act No. 38 of 1916, as amended in 1928, contains a final proviso which reads:

". . . And provided, finally, That any person who, on or before May 20, 1925, shall not have been admitted to practice the profession of law in the District Court of the United States for Porto Rico in order to be admitted to practice in the insular courts, shall, in ad-

dition to the requirements heretofore prescribed, hold a lawyer's diploma issued by an accredited university to the satisfaction of the Supreme Court of Porto Rico.''

This being so, it is absolutely essential that petitioner hold a law degree from an accredited University to the satisfaction of this Court, as required by law, before his petition can be granted.

Petitioner says that he has pursued regular studies in the University of Louisville, Kentucky, and that he has taken a special course in Evidence at Northwestern University, but he fails to state that he holds a law diploma from either of these universities, or from any other duly accredited.

The same conclusion must be reached even if the act in force were the statute as amended in 1925, which is the one invoked by petitioner himself, since section 4 of said act, as amended in 1925, contained a final proviso which prescribed a diploma as an essential requisite in a case like that of petitioner, thus:

''. . . *And provided, finally,* That any person who, six months after the approval of this Act, shall not have been admitted to practice the profession of law in the District Court of the United States for Porto Rico, in order to be admitted to practice in the insular courts, shall, in addition to the requirements heretofore prescribed, hold a lawyer's diploma issued by an accredited university to the satisfaction of the Supreme Court of Porto Rico.''

The petition must be denied.